IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FERNANDO FRANCO, on Behalf of Himself and Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. SA-10-CV-0482-FB |
| HYATT CORPORATION, | § § § | |
| *Defendant.* | § | |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

For its Answer and Defenses to the allegations contained in Plaintiff's First Amended Collective Action Complaint, Defendant Hyatt Corporation, as agent of Hotel Investments, L.P., d/b/a Grand Hyatt San Antonio Convention Center ("Hyatt" or "Defendant") respectfully shows the following:

**A. ANSWER**

The allegations in Plaintiff's First Amended Collective Action Complaint are answered below by corresponding numbered paragraphs to Plaintiff's First Amended Collective Action Complaint.

**I. SUMMARY**

1. Defendant admits Plaintiff purports to bring a collective action on behalf of himself and others purportedly similarly situated to him to recover alleged unpaid overtime wages, but Defendant denies that facts exist to support Plaintiff's allegations, including that he is due any unpaid overtime wages, is similarly situated to any other putative class member, or is entitled to any relief under the Fair Labor Standards Act ("FLSA"). Defendant also denies the

1

remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Collective Action Complaint.

## II.   JURISDICTION AND VENUE

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's First Amended Collective Action Complaint.

3. Defendant admits venue is proper in the Western District of Texas – San Antonio Division.

## III.   THE PARTIES

4. Defendant admits Plaintiff resides in the Western District of Texas and is currently employed by Defendant at the Grand Hyatt San Antonio Convention Center.  Defendant admits Plaintiff attached his Consent to participate in this collective action as stated in Paragraph 4 of Plaintiff's First Amended Collective Action Complaint, but denies either the facts or applicable law entitle him to maintain this lawsuit or obtain the relief he requests.

5. Defendant denies that Plaintiff or any other server or hourly employee is similarly situated, and thus, accordingly, Defendant denies all the allegations contained in Paragraph 5 of Plaintiff's First Amended Collective Action Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Collective Action Complaint.

## IV.   THE FACTS

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's First Amended Collective Action Complaint.

8. Defendant admits Plaintiff has been and continues to be paid in accordance and compliance with federal law.  Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Collective Action Complaint.

9.      Defendant admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Collective Action Complaint.

10.      Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      Defendant admits Plaintiff is entitled to receive overtime pay at one and one half times his regular rate of pay for hours worked over 40 during the workweek.  Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12.      Defendant denies the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

## V.   COLLECTIVE ACTION ALLEGATIONS

13.      Defendant admits employing individuals on an hourly pay basis, including servers, as alleged in Paragraph 13 of Plaintiff's First Amended Collective Action Complaint.

14.      Defendant admits employing servers who serve food and drink to hotel guests and patrons.  Defendant, however, denies that Plaintiff is similarly situated to other employees so as to serve in a representative capacity for purposes of this lawsuit.  Defendant also denies any remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Collective Action Complaint.

15.      Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Collection Action Complaint.

16.      Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Collective Action Complaint.

## VI.   CAUSES OF ACTION

17.      Defendant incorporates by reference any and all responses to Paragraphs 1 to 17 of Plaintiff's First Amended Collective Action Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Collective Action Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Collective Action Complaint.

## VII.   JURY DEMAND

20. Defendant admits Plaintiff purports to demand a trial by jury in Paragraph 20 of Plaintiff's First Amended Collective Action Complaint.

## VIII.   PRAYER

21. Defendant admits Plaintiff requests the relief outlined under the Section entitled "Prayer," including in subparagraphs (a) through (d), but denies Plaintiff is entitled to any of the relief requested therein.

22. Any allegations not admitted or denied by Defendant are hereby denied in their entirety.

### B.   DEFENSES

1. Plaintiff is not similarly situated to any other person for purposes of the FLSA.

2. Plaintiff cannot satisfy the requirements for a collective action under the FLSA.

3. Plaintiff's claims, including any alleged claims brought on behalf of any purported similarly situated employees, are barred, in whole or in part, by the applicable statute of limitations.

4. Defendant is entitled to a credit or set-off for certain additional compensation paid to Plaintiff and any purported similarly situated employees.

5. Plaintiff and all other purported similarly situated employees were paid all compensation to which they were entitled under the FLSA.

6. Defendant is entitled to rely on the FLSA's "tip credit" provisions to satisfy its minimum wage obligations. Defendant further satisfied all requirements for relying on the FLSA's "tip credit" provisions, and Plaintiff and all other purported similarly situated employees were compensated in accordance with such provisions.

7. Plaintiff and all other purported similarly situated employees were exempt from being paid overtime compensation pursuant to section 7(i) of the FLSA.

8. Plaintiff fails to state a claim to sustain this lawsuit or for which liquidated damages can be awarded.

9. Plaintiff fails to state a claim upon which attorneys' fees or costs can be awarded.

10. Defendant did not willfully, intentionally, or in reckless disregard deprive Plaintiff or any other person of any wages to which they may have been entitled.

11. At all relevant times, Defendant has acted in good faith and with reasonable belief it has not violated the FLSA with respect to Plaintiff and any other purported similarly situated employees.

12. Neither Plaintiff nor any other purported similarly situated employee is entitled to any recovery because any alleged acts or omissions Defendant made in good faith in conformity with and in reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative practice or enforcement policies.

13. All or parts of the claims in this lawsuit are barred by the *de minimus* doctrine or the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

14. Defendant reserves the right to assert additional affirmative defenses or defenses during the course of discovery and as permitted by this Court or the Federal Rules of Civil Procedure.

### C. Costs

Under the applicable law, the Federal Rules of Civil Procedure, and the inherent power of this Court, Defendant seeks to recover from Plaintiff all costs incurred in its defense of this lawsuit.

### D. Prayer

Defendant Hyatt Corporation respectfully prays that the Court enter a judgment:

1. Dismissing Plaintiff's First Amended Collective Action Complaint and denying Plaintiff all requested relief therein;

2. Awarding Defendant the costs incurred in defending against this action; and

3. Awarding Defendant all other relief to which it is entitled.

Respectfully submitted,


/s/ Shannon B. Schmoyer
Shannon B. Schmoyer
Bar No. 17780250
Christine E. Reinhard
Bar No. 24013389
Justin Sobey
Bar No. 24037524
SCHMOYER REINHARD LLP
3619 Paesanos Parkway
Suite 202
San Antonio, Texas 78231
Telephone: (210) 447-8033
Facsimile: (210) 447-8036

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert R. Debes, Jr.
Debes Law Firm
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Tel:  (713) 623-0900
Fax: (713) 623-0951


/s/ Shannon B. Schmoyer
Shannon B. Schmoyer